# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SCOTT R. DEICHSEL,**
        **Petitioner,**

     **v.**                                                             **Case No. 03-CV-01050**

**WARDEN DANIEL BERTRAND,**
        **Respondent.**

## DECISION AND ORDER

On July 7, 2004, I granted pro se petitioner Scott R. Deichsel's motion to stay the proceedings for his petition for a writ of habeas corpus under 28 U.S.C. § 2254 in order to allow him to exhaust his remedies in state court. Petitioner states that the proceedings in state court are now complete. Therefore, I will lift the stay and re-open this case. Before me now is petitioner's motion to amend his petition so he can clarify his claims.

Because respondent filed a response to the petition before the case was stayed, petitioner can only amend his petition if respondent consents or I grant him leave. *See* Fed. R. Civ. P. 15(a); *see also* 28 U.S.C. § 2242 (noting that a petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules applicable to civil actions"); Rule 12 of the Rules Governing § 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). The local rules for this court also require petitioner's motion to amend to "state specifically what changes are sought by the proposed amendments" and to include a copy of his proposed amended petition. Civil L.R. 15(b) (E.D. Wis.). The motion to amend does not do either of these

things. Therefore, I will give petitioner additional time to file a brief in support of the motion that specifically describes the changes he wishes to make to his petition and to submit a copy of his proposed amended petition. I will also give respondent a chance to answer the motion to amend. If respondent objects to the proposed amendments, I will decide whether it is appropriate for me to grant petitioner leave to amend.

Warden Daniel Bertrand is listed as the respondent in this case, but this information is no longer correct. Petitioner is currently being held at the Green Bay Correctional Institution and the warden of that institution is Michael Baenen. Therefore, I will order the clerk to update the docket accordingly.

**THEREFORE, IT IS ORDERED** that the stay in this case is lifted and this case is **REOPENED**.

**IT IS FURTHER ORDERED** that the clerk shall update the docket to name Michael Baenen, Warden of Green Bay Correctional Institution, as the respondent in this case.

**IT IS FURTHER ORDERED** that petitioner has until **April 6, 2014** to file a brief in support of his motion to amend that specifically describes the changes he wishes to make to his petition and to submit to the court a copy of his proposed amended petition.

**IT IS FURTHER ORDERED** that respondent has **30 days** from the date on which petitioner files his brief and proposed amended petition to respond to the motion to amend, and petitioner has **30 days** from the date on which respondent files his response to file a reply brief, if any.

**IT IS FURTHER ORDERED** that, pursuant to the Memorandum of Understanding between the Attorney General and this court, copies of petitioner's motion to amend and

this order shall be sent to the Attorney General for the State of Wisconsin for service upon the respondent.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form.

Dated at Milwaukee, Wisconsin, this 7th day of March, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge