# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SCOTT R. DEICHSEL,
                    **Petitioner,**

                    v.                                    Case No.  03-CV-01050

MICHAEL BAENEN,
                    **Respondent.**

## ORDER

On July 7, 2004, I granted pro se petitioner Scott R. Deichsel's motion to stay the proceedings for his petition for a writ of habeas corpus under 28 U.S.C. § 2254 in order to allow him to exhaust his remedies in state court. And, on March 7, 2014, I lifted the stay and re-opened the case because petitioner indicated that the state court proceedings were complete. Petitioner now moves to amend his petition so he can clarify his claims, and respondent does not oppose this motion. Therefore, I will grant it.

In my last order, I noted that petitioner was being held at Green Bay Correctional Institution and ordered the clerk to update the name of the respondent to identify the warden of that institution as the respondent. Upon further review of petitioner's filings, I see that he is actually being held at New Lisbon Correctional Institution. The warden of that institution is Timothy Douma. Therefore, I will again order the clerk to update the docket so that it identifies the correct respondent.

**THEREFORE, IT IS ORDERED** that petitioner's motion to amend/correct his habeas petition (Docket #9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk shall update the docket to name Timothy Douma, Warden of New Lisbon Correctional Institution, as the respondent in this case.

**IT IS FURTHER ORDERED** that within 30 days of the date of this order respondent shall **ANSWER** the amended petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed 30 pages and reply briefs must not exceed 15 pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form.

Dated at Milwaukee, Wisconsin, this 14th day of March, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge